Benjamin D. FRANKLIN, Cynthia Marie Franklin, Michael O'Neal Franklin, by Elijah Franklin, their father and next friend, and Carlton Crawford, Jr., by Carlton Crawford, Sr., his father and next friend, Plaintiffs,

v.

BARBOUR COUNTY BOARD OF EDUCATION, Mack Price, Alfred A. Grant, Edward T. Griffin, Alto Laftin Jackson, Roy Wilkinson, and Raymond E. Faught, Superintendent of Education of Barbour County, Alabama, Defendants.

Civ. A. No. 2458–N.

United States District Court
M. D. Alabama, N. D.

Sept. 22, 1966.

---

17. Minutes, p. 42.

18. Minutes, p. 90.

19. See, for example, Minutes, p. 53.

Fred D. Gray and Solomon S. Seay (Gray & Seay), Montgomery, Ala., and Jack Greenberg and Charles H. Jones, Jr., New York City, for plaintiffs.

John S. Bowman, Charles M. Crook, Stanley B. Sikes (Goodwyn, Smith & Bowman), Montgomery, Ala., and A. B. Robertson, Jr., Clayton, Ala., for defendants.

## PRELIMINARY INJUNCTION

JOHNSON, Chief Judge.

The motion of the plaintiffs for a preliminary injunction was heard by the Court on September 16, 1966, after due notice to the parties, and is now submitted upon plaintiffs' verified complaint filed herein on September 12, 1966, the testimony of several witnesses taken orally before the Court, and the various exhibits thereto.

Jurisdiction of this Court is invoked pursuant to Title 28, United States Code, Sections 1343 and 1983.

The plaintiffs, Negro citizens and their minor children residing in Barbour County, Alabama, bring this action pursuant to Rule 23, Federal Rules of Civil Procedure, individually and on behalf of others similarly situated.

Generally, the plaintiffs request this Court to enjoin the defendants, the Barbour County Board of Education, its members, and the County Superintendent of Education, from continuing their policy of operating a dual school system in Barbour County, Alabama, based upon race or color. More specifically, plaintiffs request this Court to issue a preliminary injunction prohibiting these defendants from refusing to admit the plaintiff Carlton Crawford, Jr., to, or accept him in, the Wallace High School, one of the schools in the Barbour County school system located in Clayton, Alabama. The action as originally filed re-

quested the admission (to the City of Eufaula schools) of other Negro children specifically named. Pursuant to the stipulation of the parties, this Court, by order made and entered on September 21, 1966, dismissed this action as to the Eufaula City Board of Education and the individual members thereof. However, there remains as one of the subsidiary issues in this case, the question of providing transportation for Benjamin D. Franklin, Cynthia Marie Franklin, and Michael O'Neal Franklin, and other members of their class who reside outside the City of Eufaula (which is the county seat of Barbour County, Alabama), but who have been admitted as students in the Eufaula City school system pursuant to the custom and practice followed by the Eufaula City Board of Education and the Barbour County Board of Education.

In 1965 Barbour County Board of Education determined that the operation of its dual school system was in violation of the Constitution of the United States and of the several cases beginning with Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), which declare the duties, obligations and rights of school boards and citizens in this particular area of constitutional law. The Barbour County Board of Education determined that it would desegregate its school system beginning with the school year 1965–66, adopted a "freedom of choice" plan for the purpose of effectuating the desegregation of its school system, and duly published the plan in the local newspaper. Generally, the plan adopted was designed to afford every student in the public school system of Barbour County, Alabama, a freedom of choice to attend any school in the system regardless of race or color of the student. The plan for the 1965–1966 school year resulted in certain Negro students applying for admission to, and being accepted in, some of the formerly all white schools in the Barbour County school system.

The freedom of choice plan continued as the method the Barbour County Board of Education selected for the desegrega-tion of its school sytem for the 1966–67 school year. Again the school board gave adequate publication of its plan, and within the time provided, certain Negro children, including these plaintiffs, applied for admission to schools formerly attended only by white students. The evidence reflects that in several instances the Barbour County Board of Education denied the choices of the Negro students, including one of the plaintiffs, Carlton Crawford, Jr., for the reason that the school board did not consider the choices to be "reasonable" and did not believe that the choices were practical in that school bus transportation was not reasonably available from the homes of the students making such choices to the schools selected.

■■ The freedom of choice plan as adopted and published by the Barbour County Board of Education for the desegregation of its school system appears, with very few exceptions, to meet the requirements of the law. This Court will, except in very few instances, adopt the freedom of choice plan of the Board as the plan to be used by the Barbour County Board in the desegregation of its public schools. Even though the plan adopted by the Board appears on its face to be legally sufficient, the plan has not been effectuated by the Board in such a manner as to abolish in Barbour County the dual school system based upon race or color. The major factor that has prevented the plan adopted by the Barbour County Board of Education from achieving its announced purpose, that is, the desegregation of the county school sytem, is the fact that a large majority of the students attending the various schools throughout Barbour County are taken to those schools through the medium of school buses that regularly transport children from or near their residences to their schools. With very few exceptions, the school bus transportation system in Barbour County, including the routes traveled by the buses, has not been changed for many years. The school bus transportation system in Barbour County was designed, by admission of the parties in this case, to transport children from or

near their residences to schools that were then being operated on a segregated basis by reason of race or color. The system continues at the present time to operate in a manner that is designed to service a dual school system based upon race or color. Therefore, the Negro students in Barbour County, Alabama, find themselves with transportation reasonably available only to schools formerly attended solely by Negroes. According to the evidence in this case, this has, to a large extent, impaired the effectiveness of the freedom of choice plan promulgated and adopted by the Barbour County Board of Education. This, together with the criteria outlined above used by the County Board of Education in accepting or denying the choices of Negro students, has resulted in the dual school system based on race or color continuing to operate in Barbour County, Alabama, with the exception of token desegregation. Clearly, if a freedom of choice plan is to be sustained as a reasonable means by which a school system is to be desegregated in accordance with the principles of Brown v. Board of Education of Topeka, supra, every student must be accorded the same opportunity to apply to any school whether he previously attended that particular school or not, whether the school board thinks the choice is a reasonable one or not, whether the school board considers transportation reasonably available or not, or whether the student exercising the choice previously attended his "choice school" or not.

■ Another unique aspect concerning the operation of the Barbour County school system and the Eufaula City system is that, for several years, it has been the custom and practice in the Eufaula City system to accept, within certain areas of the county, students who reside outside the City of Eufaula for admission to the city schools. In these instances and from these agreed upon areas, it has also been the custom and practice of the County Board of Education of Barbour County to provide transportation from or near the residences of these students to the Eufaula City schools that they were attending. The plaintiffs Benjamin D. Franklin, Cynthia Marie Franklin and Michael O'Neal Franklin reside in such an area. They have been accepted in, and are attending, the City of Eufaula schools. They must, therefore, be transported from or near their residence to the City of Eufaula school or schools that they are attending on the same basis that the County Board of Education has transported the whites.

■■ In the case of plaintiff Crawford, Annie Lee Clark, Mary Elaine Burkes, Mary Russaw, Horace Clinton Smith, Larry Georga Smith, Barbara Smith, Omega Beatrice Devose, Johnny Ray Smith, Sallie B. Johnson, Mary Virginia Scott, Bettye Jean Osborne, Eva Mary Jerningan, Barbara Jean Gilbert, Gwendolyn Ann Gilbert, and Veston Tarver, the sole reason for the denial of their choices was that transportation was not reasonably available to Wallace High School at Clayton, Alabama. As stated earlier, this is an unacceptable reason for denying a choice to a student under the freedom of choice plan that was adopted by the Board and that will be continued in effect by order of this Court. The plaintiff Crawford, Annie Lee Clark, Mary Elaine Burkes, Mary Russaw, Horace Clinton Smith, Larry Georga Smith, Barbara Smith, Omega Beatrice Devose, Johnny Ray Smith, Sallie B. Johnson, Mary Virginia Scott, Bettye Jean Osborne, Eva Mary Jerningan, Barbara Jean Gilbert, Gwendolyn Ann Gilbert, and Veston Tarver must, therefore, be immediately admitted as students to the Wallace High School in Clayton, Alabama. School bus transportation when reasonably available to these individuals from points at or near their residences to the Wallace High School in Clayton, Alabama, must be furnished. However, since the evidence in this case reflects that no school bus transportation is reasonably available to the plaintiff Crawford from or near his residence to the Wallace High School in Clayton, the school board will not be required to furnish Crawford transportation at this particular time.

In order for a freedom of choice plan, such as has been adopted by the Barbour County Board of Education and such as will be continued in effect by this Court, to operate effectively and as intended, it will be necessary for the Barbour County Board of Education to make a study and revision of its county-wide school bus transportation system in order to eliminate completely the system as it presently exists—one that has been designed to service a dual school system based upon race or color. This Court, recognizing that such a study and revision requires time and planning, will not order that the revision of the school bus transportation system be effected immediately; however, the Barbour County Board of Education should commence its planning for a revision of the school bus transportation system to service the schools throughout the county, without regard to race or color. The county board will be ordered and directed to file with this Court on or before June 30, 1967, a copy of its revised county-wide school bus transportation system designed to service the school system throughout Barbour County, without regard to race or color.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the defendants, Barbour County Board of Education, Mack Price, Alfred A. Grant, Edward T. Griffin, Alto Laftin Jackson, Roy Wilkinson, and Raymond E. Faught, Superintendent of Education of Barbour County, Alabama, their agents, officers, employees, successors, and all those in active concert or participation with them shall:

(1) Cease to maintain in Barbour County, Alabama, a dual school system based upon race or color;

(2) Provide equal educational opportunities to all students in the public school system in Barbour County, Alabama, without regard to race or color;

(3) Admit the plaintiff Carlton Crawford, Jr., Annie Lee Clark, Mary Elaine Burkes, Mary Russaw, Horace Clinton Smith, Larry Georga Smith, Barbara Smith, Omega Beatrice Devose, Johnny Ray Smith, Sallie B. Johnson, Mary Virginia Scott, Bettye Jean Osborne, Eva Mary Jerningan, Barbara Jean Gilbert, Gwendolyn Ann Gilbert, and Veston Tarver to the Wallace High School in Clayton, Alabama, and permit their attendance at that school on the same basis as other students;

(4) Provide public school transportation from or near the residence of Benjamin D. Franklin, Cynthia Marie Franklin and Michael O'Neal Franklin to the schools in the City of Eufaula school system that they are attending;

(5) Immediately commence a study and revision of the county-wide school bus transportation system so as to eliminate the system to the extent that it was designed to service a dual school system, and plan and put into effect a county-wide school bus transportation system designed to service the Barbour County school system, without regard to race or color of the students; file with this Court on June 30, 1967, such a plan;

(6) Consider the choice of each student in Barbour County without regard to race or color, without regard to the school previously attended, without regard to whether the Board considers the choice to be a reasonable one, and without regard to whether public transportation is reasonably available to the student making the choice; and

(7) Proceed to execute the plan for the desegregation of the public school system of Barbour County, Alabama, which is attached hereto and incorporated herein.

It is further ordered that this Court specifically retains jurisdiction of this cause.

## PLAN FOR THE DESEGREGATION OF THE PUBLIC SCHOOL SYSTEM OF BARBOUR COUNTY, ALABAMA

### I

The Barbour County Board of Education will open all grades of all schools in said system to all students, irrespective of race, color, creed or nationality no later than the Fall Term of the year

1967, in accordance with the following schedule:

(a) YEAR 1966: Beginning with the Fall Term (September), Grades 1, 7, 8, 9, 10, 11 and 12 of the Barbour County Public School System shall be desegregated and pupils assigned, without regard to race or color, on a freedom of choice basis as described in this Plan.

(b) YEAR 1967: Beginning with the Fall Term (September), all other grades, i. e., Grades 2, 3, 4, 5 and 6, of the Barbour County Public School System shall be desegregrated and pupils assigned, without regard to race or color, on a freedom of choice basis as described in this Plan.

## II

### FREEDOM OF CHOICE

To insure that every student may attend the school of his choice, the method used shall be as follows:

(a) *Annual exercise of Choice*: Each student is required to exercise a free choice of schools annually, except that for Year 1966, this applies only to those in Grades 1, 7, 8, 9, 10, 11 and 12.

(b) *Who May exercise Choice*: A choice of schools may be exercised by a parent or other adult person serving as the student's parent. A student may exercise his own choice if he (1) is exercising a choice for the ninth or a higher grade, or (2) has reached the age of fifteen years at the time of the exercise of choice. Such a choice by a student is controlling unless a different choice is exercised for him by his parent or other adult person serving as his parent during the choice period or at such later time as the student exercises a choice. Each reference in the Plan to a student exercising a choice means the exercise of the choice, as appropriate, by a parent or such other adult or by the student himself.

(c) *Choice Period*: The period for exercising choice will commence on April 15 and end on May 15, preceding the school year for which choice is to be exercised. No student or prospective student who exercises his choice within the choice period shall be given any preference because of the time within the period when such choice was exercised. The school board will notify the student, or parent making the choice, as to the action by the board on the choice not later than thirty days prior to the commencement of any school year.

(d) *Mandatory Exercise of Choice*: A failure to exercise a choice within the choice period does not preclude any student from exercising a choice at any time before he commences school for the year with respect to which the choice applies, but such choice may be subordinated to the choices of students who exercised choice before the expiration of the choice period. Any student who has not exercised his choice of school within a week after school opens will be assigned to the school nearest his home where space is available, under standards for determining available space which will be applied uniformly throughout the system.

(e) *Distribution of Notice and Forms*: On or before the date the choice period opens, an explanatory notice and a choice form (appendices A and B) will be sent home with each child in the Barbour County Public School System (For Year 1966, only those in Grades 1, 7, 8, 9, 10, 11 and 12). Extra copies of the explanatory notice and the choice form will be freely available to parents, students, prospective students, and the general public at each school in the system and at the office of the Superintendent.

(f) *Return of Form*: At the option of the person completing the choice form, the choice form may be returned by mail, in person, or by messenger, to the principal of any school in the school system or to the office of the Superintendent.

(g) *Alternate Form*: The exercise of choice may also be made by the submission in like manner of any other writing which contains information sufficient to identify the student and indicates that he has made a choice of a school.

(h) *Choice Binding*: Upon submission of a choice form, or substitute, it is binding for the entire school year, and may not be changed except in cases meeting the conditions set forth in Paragraph II(b) of the Plan and in cases of compelling hardship.

(i) *Preferences in Assignment*: In assigning students to schools, no preference will be given to any student for prior attendance at a school, and no choice will be denied for any reason other than overcrowding. In case of overcrowding at any school, preference will be given on the basis of the proximity of the school to the homes of students choosing it, without regard to race or color.

(j) *Prospective Students*: Prospective students not previously enrolled in the Barbour County Public School System will have free choice of schools.

(k) *Transportation*: Buses will be routed to the maximum extent feasible so as to serve each student choosing any school in the system without regard to race or color. In any event, every student choosing the school nearest his residence will be transported to the school to which he is assigned, whether or not it is his first choice, if that school is sufficiently distant from his home to make him eligible for transportation.

(l) *Officials Not to Influence Choice*: No official, teacher, or employee of the school system shall require or request any student to submit a choice form during the choice period other than by the explanatory notice and the choice form. After the expiration of the choice period, the school system will make all reasonable efforts to obtain a completed choice form from each student who has not exercised a choice. However, at no time shall any official, teacher, or employee of the school system influence any parent, or other adult person serving as a parent, or any student, in the exercise of a choice, or favor or penalize any person because of a choice made. Information concerning individual choices made or schools to which individual students are assigned will not be made public.

## III

### FACULTY AND STAFF

Race or color will henceforth not be a factor in the hiring, assignment, reassignment, promotion, demotion, or dismissal of teachers and other professional staff, with the exception that assignments may be made to further the process of desegregation. Affirmative steps will be taken to eliminate racial assignments heretofore made.

## IV

### SERVICES, FACILITIES, ACTIVITIES, AND PROGRAMS

Once assigned to a school, a student shall have full access to and benefits of all services, facilities, activities, and programs of the school to which he is assigned without discrimination based on race or color, and without regard to previous school assignment based on race or color.

## V

### INFERIOR PLANTS

The Board will continue on an accelerated basis, as fast as money for facilities can be secured, to close small, inferior school plants and consolidate them into, and/or with, larger and better school plants, to the end that all school plants will be as nearly equal as it is possible to make them.

## VI

### INFORMATION FOR THE PUBLIC

Copies of this plan will be posted at each school in the system and at the office of the Superintendent. Copies

will also be supplied local news media, and newspaper, television and radio station serving the county, as well as the general public.

## APPENDIX A

### N O T I C E

Beginning with the fall term commencing September, 1967, all grades in all schools in the Barbour County public school system will be desegrated. Any student in Barbour County, Alabama, may choose to attend any school in the Barbour County public school system regardless of the school's former racial designation. A choice must be made for each child entering one of the schools in the Barbour County school system. Attached to this notice is a choice form which must be filled out on or before May 15, 1967. If a child is entering the ninth or a higher grade, or if the child is fifteen years old or older, he may make the choice himself; otherwise, a parent, or other adult serving as parent, must sign the choice form.

Once a choice is made and the choice period has expired, the choice is binding for the next school year.

No child will be denied his choice unless for reasons of overcrowding, in which case children nearest the school will have preference.

Transportation will be provided, if possible, no matter what school is chosen.

Choice forms may be returned by mail, in person, or by messenger to the principal of any school in the system or to the office of the Superintendent.

## APPENDIX B

### CHOICE FORM

#### Barbour County Schools 1967–1968 School Year

This form is provided for you to choose a school for your child to attend next year. You have thirty (30) days to make your choice. It does not matter which school the child attended last year, and it does not matter whether the school was formerly a white or a Negro school. The form must either be brought to any school principal or mailed or brought to the office of the Superintendent in the Courthouse in Clayton, Alabama, by May 15, 1967. A choice is required for each child.

Name of Child _____
                        Last              First              Middle

Address _____

Date of Birth _____
                    Month              Day              Year

Grade Pupil is Entering _____

School Last Attended _____

Name of Parent, Guardian or
Other Adult (Serving as Parent) _____

Address _____

Choose one of the following schools by marking X beside the name.

| | | | |
|---|---|---|---|
| ( ) | Barbour County Training | 3 – 12 | Clayton |
| | | Grades | Location |
| ( ) | Clayton Rosenwald | 1 – 2 | Clayton |
| | | Grades | Location |
| ( ) | Bakerhill | 1 – 12 | Bakerhill |
| | | Grades | Location |
| ( ) | Rebecca Comer | 1 – 12 | Spring Hill |
| | | Grades | Location |
| ( ) | Blue Springs | 1 – 12 | Blue Springs |
| | | Grades | Location |
| ( ) | Center Ridge | 1 – 12 | Mt. Andrew |
| | | Grades | Location |
| ( ) | Barbour County High | 1 – 12 | Clio |
| | | Grades | Location |
| ( ) | Louisville High | 1 – 12 | Louisville |
| | | Grades | Location |
| ( ) | Wallace High | 1 – 12 | Clayton |
| | | Grades | Location |
| ( ) | Clio Public | 1 – 12 | Clio |
| | | Grades | Location |
| ( ) | Salem Rosenwald | 1 – 4 | Salem Rosenwald Community |
| | | Grades | Location |
| ( ) | Sardis | 1 – 6 | Sandy Point |
| | | Grades | Location |
| ( ) | Britt Rosenwald | 1 – 9 | Rocky Mount |
| | | Grades | Location |
| ( ) | Louisville | 1 – 6 | Louisville |
| | | Grades | Location |
| ( ) | Zion Hill | 1 – 9 | Zion Hill |
| | | Grades | Location |
| ( ) | Shady Grove | 1 – 6 | Shady Grove Community |
| | | Grades | Location |
| ( ) | Freemount | 1 – 10 | Freemount Community |
| | | Grades | Location |

Signature _____ Date _____

This form was signed by: Parent ( )
Mark X in proper box     Guardian ( )
                         Student ( )

This to be filled in by Superintendent's Office, not by Person Signing.
School Assigned _____